```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

KENNETH GALLENDER                                        PLAINTIFF

VERSUS                         CIVIL ACTION NO. 5:05cv220-DCB-JMR

EMPIRE FIRE AND MARINE INSURANCE
COMPANY and ZURICH AMERICAN INSURANCE
COMPANY                                                 DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on the plaintiff's Motion for Conditional Class Certification [**docket entry no. 25**]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### FACTS & PROCEDURAL HISTORY

On November 3, 2005, Kenneth Gallender filed suit in the Circuit Court of Adams County, Mississippi against Empire Fire and Marine Insurance Company and Zurich American Insurance Company. In his complaint, Gallender alleges that the defendants violated the Age Discrimination in Employment Act of 1967 ("ADEA") when they terminated him. The action was removed to this Court on December 7, 2005. A case management order was entered on May 23, 2006, which required that all motions for joinder of parties be filed before July 1, 2006. On November 22, 2006, the plaintiff filed his "Motion for Conditional Class Certification and Issuance of Court Supervised Notice to All Others Similarly Situated to "Opt-in"

Pursuant to Rule 216(b) of the Fair Labor Standards Act" [docket entry no. 25].  Gallender argues that court-authorized notice should be sent to all "former employees of Empire Fire and and [sic] Marine Insurance Company ("Empire") and Zurich American Insurance Company ("Zurich") who worked as sales executive[s] from 2001 to 2004, and are over the age of forty."[1] (M. Cond. Cert. Ex. C.)  The defendants oppose the conditional certification on numerous grounds.

## DISCUSSION

### I.   29 U.S.C. § 216(b)

Section 216(b) of Title 29 of the Unites States Code allows similarly situated plaintiffs to join together in, or "opt-in,"[2] a lawsuit and maintain a collective action against an employer who has violated the ADEA.  Although the Fifth Circuit has expressly refused to endorse a singular method for district courts to use when determining whether a collective action should be certified in ADEA actions, <u>Mooney v. Aramco Servs.</u>, 54 F.3d 1207 (5th Cir. 1995), the majority of district courts have applied the <u>Lusardi v.</u>

---

[1] The defendants employ sales executives in thirty-one states, plus the District of Columbia.

[2] "Opt-in" collective actions are separate and distinct from Rule 23 "opt-out" class actions.  Section 216(b) actions require all prospective plaintiffs to give written consent to join in the class, while Rule 23 requires that plaintiffs wishing not to participate in the class action request to be excluded.

Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987), approach.[3]  Lusardi instructs that the Court should engage in a two-step certification analysis: (1) the notice stage, and (2) the "opt-in," "merits," or decertification stage.

In the notice stage, the Court determines whether the plaintiffs are similarly situated such that a conditional class should be certified. Allen v. McWane, Inc., 2006 WL 3246531, *2 (E.D. Tex. Nov. 7, 2006).  The notice stage typically occurs early in the litigation, and it is usually based on the pleadings and any attached affidavits.  Mooney, 54 F.3d at 1214.  To satisfy his burden, the plaintiff must provide competent evidence to show that a similarly situated group of potential plaintiffs exists. Id. At the notice stage, "the [similarly situated] standard requires nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan." Allen, 2006 WL 3246531, at *2, citing Mooney, 54 F.3d at 1214 n.8.

---

[3]The other approach approved by the Fifth Circuit is known as the "spurious class action approach," whereby district courts analyze the motion for certification in light of Rule 23. Mooney, 54 F.3d at 1214, citing Shushan v. Univ. of Colo., 132 F.R.D. 263 (D. Colo. 1990).  Under this approach, the plaintiff's request for certification would clearly be denied.  The plaintiff only identified thirteen potential plaintiffs; therefore, the plaintiff has not met Rule 23's numerosity requirement.  See Swanson v. Perry, 69 Fed. Appx. 658, *1 (5th Cir. 2003) (stating that burden of demonstrating numerosity is on plaintiff); Gen. Tel. Co. v. EEOC, 446 U.S. 318, 330 (1980) (stating that class of fifteen plaintiffs would not meet numerosity requirement) (citations omitted); Garcia v. Gloor, 618 F.2d 264 (5th Cir. 1980) (affirming district court's refusal to certify thirty-one member class).

If the Court finds the potential plaintiffs to be similarly situated,[4] the Court should conditionally certify the class, provide notice to potential class members, allow time for the putative class members to opt-in, and allow adequate time for discovery. Mooney, 54 F.3d at 1213-14.

The second stage in the certification process is typically initiated by the defendants' use of a post-discovery motion for decertification. Id. During the second stage, the Court again must make a factual determination as to whether the opt-in plaintiffs are similarly situated; however, the scrutiny applied in the second stage is much more rigorous than that of the notice stage. Id. Decertification scrutiny requires the Court to look beyond the pleadings and affidavits; instead, the Court must determine whether the potential plaintiffs are similarly situated in light of all information gathered during the post-opt-in discovery. Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). Final certification is rarely granted. See Mooney, 54 F.3d at 1214 (stating that as of 1995, "no representative class has ever survived the second stage of scrutiny.").

**II. Timeliness of Motion for Conditional Class Certification**

---

[4]Relevant factors to guide the Court are "whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted." Allen, 2006 WL 3246531, at *2, citing H&R Block, Ltd v. Houdsen, 186 F.R.D. 399, 400 (E.D. Tex. 1999).

As previously mentioned, the plaintiff filed his Motion for Conditional Certification on November 22, 2006, over a full year after the case was initially filed. The original discovery deadline was set to terminate four days after the plaintiff's filing.[5] Moreover, the case management order's joinder deadline expired four months prior to the plaintiff's filing.

The Court finds that the plaintiff's delay in filing his Motion for Conditional Certification is fatal to his motion. A collective action is a form of spurious class action, and a spurious class action is, in essence, a special specie of permissive joinder. Snyder v. Harris, 394 U.S. 332, 335 (1969); Shushan, 132 F.R.D. at 264; see also Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (stating that for ADEA collective actions, "Congress clearly adopted the opt-in joinder procedures of § 216(b)"). If the Court routinely allowed individual claims to evolve into class action lawsuits at this late juncture, the resulting quagmire would wreak havoc on the Court's docket. Since the deadline for filing a motion for joinder has passed, so to has the plaintiff's ability to file for certification of a collective action.

Moreover, even if the plaintiff had timely filed his Motion for Conditional Certification, the plaintiff did not put forth sufficient evidence to justify a conditional certification under

---

[5]The parties have agreed to extend the discovery deadline.

the lenient <u>Lusardi</u> approach.  In addition to his own affidavit, the plaintiff provided the affidavits of four other Zurich employees who were allegedly terminated in violation of the ADEA.  These affidavits set out the following:  (1) each terminated affiant was over the age of forty when terminated and was replaced by a younger person, (2) the national sales manager of Zurich referred to two of the affiants as "dinosaurs,"  (3) one affiant stated that the national sales manager had the "reputation for getting rid of older employees and replacing them with younger employees," and (4) one affiant stated that the national sales manager told the affiant that he "was a little too old for [the manager's] team."  (M. Cond. Cert., Ex. B.)  Each affidavit contained a conclusory allegation that states, "While employed by Zurich I became aware that Zurich had a pattern or practice of discriminating against sales executives over the age of forty (40) by terminating or forcing to resign older sales executives, and then replacing them with younger sales executives."  (<u>Id.</u>)

       These affidavits do not show that the affiants were victims of a single decision, policy, or plan.  Instead, the affiants' proffered statements merely show, at most, the alleged discriminatory animus of the national sales manager, Mark Kissick.  The statements do not show that Empire and Zurich had a policy or plan of discriminating against employees over the age of forty.  Moreover, the affidavits are silent with respect to whether Kissick

was involved in creating a company-wide decision, policy, or plan to discriminate against salesmen over forty years of age. See Rowan v. Lockheed Martin Energy Sys., Inc., 360 F.3d 544 (6th Cir. 2004) (finding that supervisor's reference to older employees as "old farts" on "fairly regular basis" was not direct evidence of age discrimination since supervisor was not shown to have played active role in plaintiff's termination).

## CONCLUSION

Since the plaintiff's motion for conditional certification was untimely, and the plaintiff has failed to satisfy either the Shushan or Lusardi approach, the plaintiff's motion is not well taken. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion for Conditional Class Certification [**docket entry no. 25**] is **DENIED**.

SO ORDERED, this the   31st   day of   January  , 2007.


                                       s/David Bramlette
                                 UNITED STATES DISTRICT JUDGE